**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID M. EVANS, an individual; et al.,

      Plaintiffs - Appellants,

    v.

SHOSHONE-BANNOCK LAND USE
POLICY COMMISSION; et al.,

      Defendants - Appellees.

No. 13-35003

D.C. No. 4:12-cv-00417-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted November 5, 2013
Portland, Oregon

Before: M. SMITH and HURWITZ, Circuit Judges, and MAHAN, District Judge.[**]

Plaintiffs-Appellants (collectively, Evans) seek to enjoin Defendants-

Appellees (collectively, the Tribes) from challenging Evans' construction of a

single-family house on non-Indian fee land in tribal court.  Evans appeals from the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James C. Mahan, District Judge for the U.S. District
Court for the District of Nevada, sitting by designation.

district court's orders (1) denying his motion to strike the majority of the Tribes' evidentiary submissions; (2) denying his motion for a preliminary injunction; and (3) dismissing this action without prejudice for failure to exhaust tribal remedies. For the reasons below, we affirm the district court's denial of Evans' motion to strike. For the reasons set forth in an opinion filed contemporaneously with this memorandum disposition, we otherwise reverse the judgment of the district court and remand for further proceedings.

Evans first contends that the district court should have excluded most of the Tribes' evidence because the Tribes presented it with their reply brief, in purported violation of Federal Rule of Civil Procedure 56 and Local Civil Rule 7.1 of the District of Idaho. But the district court cured any prejudice by granting Evans the opportunity to rebut this evidence. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008)*; see also Houston v. Bryan*, 725 F.2d 516, 517–18 (9th Cir. 1984). Evans' argument that this rebuttal opportunity was worthless because the district court "had already reached a conclusion of the case's outcome," is entirely speculative, and we reject it.

Evans next argues that the district court should have excluded much of the Tribes' evidence because, *inter alia*, (1) it is irrelevant; (2) the declarants lack adequate personal knowledge; and (3) the Tribes failed to provide supporting

2

documentation. Contrary to Evans' argument, however, the challenged evidence has some "tendency to make a fact more or less probable than it would be without the evidence." Fed R. Evid. 401. Further, the declarants' avowed personal experience provides an adequate basis for their testimony, *see* Fed. R. Evid. 602, and it is not clear that any failure to provide adequate documentation prejudiced Evans. The district court similarly did not abuse its "broad discretion" in rejecting the remainder of Evans' evidentiary challenges. *Harper*, 533 F.3d at 1030.

For the foregoing reasons, we affirm the district court's denial of Evans' motion to strike. For the reasons set forth in the opinion filed contemporaneously with this memorandum disposition, we otherwise reverse the judgment of the district court and remand for further proceedings. Defendants-Appellees shall bear costs on appeal. *See* Fed. R. App. P. 39(a)(4).

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**